## † Sampson *versus* Curtis.

Payment for work done for another under a parol promise, that it should go in payment of a debt from which he had been discharged in bankruptcy, cannot be recovered, although no settlement has been made and the accounts of the parties remain unliquidated.

On Exceptions from *Nisi Prius*, Hathaway, J., presiding.

Assumpsit on a note and account. The writ was dated March 1, 1854.

The pleadings were the general issue and a discharge in bankruptcy; and the record showed a discharge of the note and all that part of the account charged prior to May 28, 1842.

An account in set-off was filed for blacksmith work from time to time, but the most of it in 1846, and sustained by the book and suppletory oath of defendant.

A witness for plaintiff testified that some time in 1846, defendant expressly promised verbally to do the whole or a part of the work charged in set-off, in payment of the account and note sued and from which he had been discharged by proceedings in bankruptcy.

The plaintiff's counsel requested the Court to instruct the jury that it should be so appropriated.

But the Judge ruled that if defendant verbally promised

to do the work in payment or part payment of the note and account from which he had been discharged, and the work had been so done and received and appropriated, the defendant would be bound by such appropriation, but that so long as the accounts between the parties were unliquidated and unappropriated, and remained entirely unsettled, and merely matter of mutual charge, the defendant would not be legally bound by such verbal promise.

The verdict was for a balance in favor of defendant, and plaintiff excepted.

*Russell*, with whom was *Whitmore*, in support of the exceptions.

*Gilbert, contra.*

APPLETON, J. — A bankrupt, though discharged, is under a moral obligation to pay his debts, notwithstanding they may be barred by his certificate. This moral obligation has been deemed a sufficient consideration for a new promise after a discharge has been obtained. *Corliss* v. *Shepherd*, 28 Maine, 550 ; *Fleminge* v. *Hayne*, 1 Stark. 370.

There was evidence tending to show, that the defendant, though discharged in bankruptcy, promised to do a part or the whole of the work charged in the account in set-off, in payment of the demands in suit, and that the work was done in part payment of such indebtedness. The instruction given rests upon the idea, that a verbal promise to pay, would not have bound the party making it, and that unless there was an actual liquidation and settlement between the parties, the defendant would be relieved from his promise. Such is not the law. If the work was done by the defendant, under an agreement that it was to be in part payment of the plaintiff's demands, and the plaintiff so received it, the defendant would be bound by his agreement, notwithstanding the accounts may have remained unsettled and the promise was a verbal one. If the payment had been in money, the defendant could not by any subsequent dissent, reclaim the money, though it had been paid toward a claim

discharged in bankruptcy. A payment once made and receiv-
ed as such must remain. Whether it was in money or by
labor is immaterial. In neither case can it be recalled and
become the basis of a substantive claim on the part of the
individual making it.

But if the jury should be satisfied, that the items of work
and labor filed in set-off were done by the defendant and
received by the plaintiff in part payment of the demands in
suit, it would in no way affect the balance remaining unpaid.
The right of the plaintiff to recover for such amount, would
be barred by the provision of the Act of Aug. 3, 1848, c.
52, which requires the promise to pay a debt discharged
by bankruptcy to be in writing.

<em>Exceptions sustained.</em><br><em>New trial granted.</em>